B25A (Official Form 25A) (12/08)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

IN RE: 786 ENTERPRISES, INC. § CASE NO. 09-38386-SGJ11
D/B/A BBQ TONITE §
 § CHAPTER 11
 §

## 786 ENTERPRISES, INC. D/B/A BBQ TONITE'S
## AMENDED PLAN OF REORGANIZATION, DATED JUNE 7, 2010

## ARTICLE I
## SUMMARY

This Amended Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of 786 Enterprises, Inc. (the "Debtor") from cash flow from operations and future income of the Debtor.

This Plan provides for one class of secured claims; one class of unsecured claims; and one class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 15 cents on the dollar. This Plan also provides for the payment of administrative and priority claims; if payment is not in full on the effective date of this Plan with respect to any such claim, then payment will be to the extent permitted by the Code or the claimant's agreement.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01  Class 1.  All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.02  Class 2.  The claim of JP Morgan Chase, to the extent allowed as a secured claim under § 506 of the Code.

2.03 Class 3. All unsecured claims allowed under § 502 of the Code.

2.04 Class 4. Equity interests of the Debtor.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid, after such amount is determined.

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

B25A (Official Form 25A) (12/08)

# ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Priority Claims | Impaired | Debtor is challenging the Sales Tax claim; allowed amounts will be paid over 60 months. |
| Class 2 – Secured claim of JP Morgan Chase | Impaired | Paid monthly at $1,041.14 per month |
| Class 3 – General Unsecured Creditors | Impaired | To be paid quarterly, at 15% of allowed claim over 60 months |
| Class 4 – Equity Security Holders of the Debtor | Unimpaired | Will retain equity interest. The sole equity interest holder will personally guarantee the new proposed business lease. |

# ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 **Disputed Claim.** A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Delay of Distribution on a Disputed Claim.** No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 **Settlement of Disputed Claims.** The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the: None

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor's business operations will fund the Plan, and Salim Odhwani will continue as the Manager running the business operations of the Debtor. Mr. Odhwani will personally guarantee the proposed new lease for the building in which the Debtor will continue its business operations. The proposed new lease is subject to this Court's approval.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions.

8.02 Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

786 ENTERPRISES, INC. D/B/A BBQ TONITE'S AMENDED PLAN OF REORGANIZATION, DATED 7th JUNE, 2010    Page 4

8.04 <u>Binding Effect.</u> The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 <u>Captions.</u> The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 <u>Controlling Effect.</u> Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

# ARTICLE IX
# DISCHARGE

9.01. <u>Discharge.</u> On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Respectfully submitted,

By: _____
The Plan Proponent

By: _____
Attorney for the Plan Proponent
David M. Seeberger
SBN 17979300
The Gibson Law Group
1801 N. Hampton Rd., Ste. 210
DeSoto, TX 75115
(972) 291-9300
(972) 291-0636 Facsimile
Email: dseeberger@gibsonlawgroup.com